El Pueblo de Puerto Rico, demandante y apelado, *v.* Encar-
nación Rodríguez García, acusado y apelante.

Núm. 9909.—*Sometido:* Abril 28, 1943. *Resuelto:* Mayo 6, 1943.

*Antonio L. López,* abogado del apelante; *R. A. Gómez, Fiscal del
Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,*
abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión d
tribunal.

Encarnación Rodríguez García fué acusado de tener en s
posesión, el 10 de enero de 1942, un revólver, sin declararl
por escrito al jefe de la policía del distrito de su residenci
Caguas, hecho contrario al artículo 7 de la Ley 14 de 193
((2) pág. 129), como enmendada por la 95 de 1937 (Leyes d
1936–37, pág. 240).

Al leérsele la acusación, el acusado alegó que el revólve
estaba inscrito a nombre de un hijo suyo. La corte resolvi
que ésa era una cuestión de defensa para ser planteada d
día del juicio. El acusado alegó entonces que era inocent
y señalado el juicio para el 6 de octubre de 1942, fué cele
brado, dictándose el mismo día la sentencia contra la cua
se ha interpuesto el presente recurso de apelación.

La evidencia aportada por el fiscal consistió en la decla
ración de dos testigos y en el revólver mismo. El prime
testigo, Rafael Escribano, declaró que conocía al acusad
que se lo recomendaron para trabajar y hacía tres semana
que vivía en una casita que le hizo detrás de la suya en s
finca situada en el término municipal de Caguas; que el acu
sado lo amenazó con un revólver y avisó a la policía de Ca
guas quien mandó uno de sus miembros a la finca y ocupó e
arma en la casa del testigo; que vió al acusado en posesió
del arma antes de que fuera ocupada por la policía. El se
gundo testigo, Manuel Moraza, sargento de la policía insu
lar en Caguas, dijo que el revólver no estaba inscrito en e
libro registro de armas de su cuartel.

El fiscal aceptó que de llamarse a declarar al jefe de l
policía insular de San Lorenzo, lo haría en el sentido de qu
el revólver estaba inscrito en el libro registro de su cuarte
a nombre de un hijo del acusado. Éste no presentó ningun
otra prueba.

La corte declaró al acusado culpable de la infracción im
putádale y lo condenó a pagar cincuenta dólares de multa

l acusado sostiene que erró al interpretar la ley y al apreciar la prueba.

Argumenta el primer error alegando que "la sección 7 de la Ley núm. 14 de 1936 y sus enmiendas posteriores se refieren al registro de armas y no de personas." Y como se admitió que el arma en este caso estaba registrada, no hubo delito. No cita jurisprudencia alguna.

La Ley núm. 14 de 1936, Sesión Especial, pág. 129, enmendada por la 95 de 1937, pág. 240, que se decretó entre otros fines para ordenar la declaración de las armas de fuego en cualquier forma que fuesen poseídas, dispone, por su sección séptima, que "Toda persona que tenga en su poder, por cualquier concepto, cualquier arma de fuego, en la fecha en que entre en vigor esta ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida, a no más tardar el trigésimo día después de aquél en que se haga la última publicación de los edictos que se ordenan en el artículo 9 de esta ley. Igualmente, toda persona que obtenga el dominio o posesión de cualquier arma de fuego, en cualquier forma, después de entrar en vigor esta Ley, tiene la obligación de declararlo así por escrito al jefe de la policía insular del distrito donde resida."

No puede ser más amplia la disposición. La que se registra es el arma, pero el registro se hace a nombre de la persona que la tenía en su poder, por cualquier concepto, a la fecha en que entró a regir la ley, o que obtuvo su dominio o posesión, en cualquier forma, después.

En tal virtud el registro del arma a nombre de su hijo, era válido para éste, pero no para el acusado quien, al adquirirla o posesionarse de ella, estaba en el deber de registrarla nuevamente a nombre suyo. No se trata de un caso de portación accidental.

El evidente propósito del estatuto es el de que la policía tenga conocimiento exacto de las armas de fuego que existen

902

en la Isla y de quiénes son sus dueños o poseedores, a lo fines de poder guardar mejor el orden público.

El primer error señalado no fué, pues, cometido. Tam poco el segundo.

El hecho de que la prueba demuestre que la policí no ocupó el arma en poder del acusado sino en la casa d Rafael Escribano, no es decisivo, habiendo declarado com declaró Escribano además que vió antes el arma en la pose sión del acusado. La corte dió crédito a la totalidad del tes timonio y tuvo por tanto base para declarar culpable al acu sado.

*Debe confirmarse la sentencia.*