EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUSTINO GARCÍA ALVIRA, acusado y apelante. EL MISMO *v.* EL MISMO.

Núms. 10369, 10370.—*Sometidos:* Abril 19, 1944. *Resueltos:* Abril 28, 1944.

*Juan Nevares Santiago,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

---

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El acusado apelante fué convicto del delito de tener en su posesión y dominio un revólver, sin declararlo por escrito al Jefe de la Policía del distrito de su residencia. En la misma fecha fué convicto por la portación ilegal de dicha arma. Sentenciado a la pena de dos meses de cárcel por el primero y a tres meses por el segundo de dichos delitos, el acusado apeló de ambas sentencias, viéndose ambos recursos conjuntamente.

Sostiene el apelante que la corte inferior erró al declararle culpable: (a) porque de la prueba resulta que el acusado portaba el revólver en su propia casa, donde residía y podía portarla legalmente; y (b) porque el arma estaba inscrita a nombre del padre del acusado, viviendo ambos en la misma y siendo innecesario que el revólver estuviese inscrito a nombre del acusado.

Hemos examinado cuidadosamente la transcripción de evidencia. La prueba de cargo, a la que dió crédito la corte sentenciadora, demuestra que el día de autos el acusado llegó a su casa como a las cinco de la tarde, se cambió de ropa y salió de nuevo a la calle del Triunfo, en Fajardo; que como cinco minutos después el acusado regresó por la misma calle, acompañado del joven Jorge Romero; que cuando llegaron ambos frente a la casa del acusado, éste entró primero por el callejón al lado de la casa, siguiendo Jorge detrás del acusado; que apenas entraron al callejón, el acusado se volvió y le hizo tres disparos de revólver a Jorge, hiriéndole dos veces en los pies. La prueba de la defensa tendió a probar que cuando los dos jóvenes penetraron en el callejón, el acusado entró a la casa, sacó el revólver del padre que estaba en un botiquín y desde la casa hizo tres disparos a un perro que estaba echando baba por la boca y se encontraba cerca de un niño que el acusado tenía en la casa. La corte no dió crédito a la declaración del único testigo de defensa, que fué

el padre del acusado, y resolvió el conflicto dando crédito a las declaraciones del joven herido y de la vecina Benita Vélez, quien fué testigo presencial de lo ocurrido. Siendo la prueba de cargo suficiente para sostener la acusación por portación ilegal del revólver, debemos resolver que no hubo error en la apreciación de la evidencia.

■ La segunda cuestión levantada por el apelante fué resuelta en su contra en *El Pueblo* v. *Encarnación Rodríguez García,* 61 D.P.R. 899. Establecido el hecho de que el acusado tenía en su poder y bajo su dominio el arma que portaba ilegalmente y con la cual disparó e hirió a Jorge Romero, no constituye una defensa válida, en contra de la acusación por no haber inscrito el revólver a su nombre, el hecho de que el revólver estuviese inscrito a nombre de su padre.

*Las dos sentencias recurridas deben ser confirmadas.*